FILED

2007 Jun-26 PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CATRINA  ORY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **ANTHONY BAKER, individually;** ) | |
| **WAYNE MADDUX, individually and in** ) | |
| **his official capacity as Officer-in-Charge** ) | |
| **for the Alabama Board of Pardons and** ) | |
| **Paroles; WILLIAM C. SEGREST, in his** ) | Civil Action Number |
| **official capacity as Executive Director** ) | **6:07-cv-0145-UWC** |
| **for the Alabama Board of Pardons and** ) | |
| **Paroles; ANN CARGO, in her official** ) | |
| **capacity as Division I, Division Director** ) | |
| **for Alabama Board of Pardons and** ) | |
| **Paroles,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON MOTIONS TO DISMISS**

Presently before the Court are motions to dismiss Defendants William Segrest

("Segrest"), Ann Cargo ("Cargo"),  and Wayne Maddux ("Maddux").  (Docs. 3-5.)

For the reasons elaborated herein, the motion is due to be granted as it relates to

Segrest.  The Cargo and Maddux motions are due to be granted in part and denied in

part.

**I. The Claims and Defenses**

1

Plaintiff Catrina Ory ("Plaintiff") brings this action under a federal civil rights statute, 42 U.S.C § 1983, and Alabama state law.  In addition to Defendants Cargo, Segrest, and Maddux, Plaintiff has also sued Anthony Baker ("Baker"), a supervising probation officer of  the Alabama  Board of Pardons and Paroles ("ABPP"). Basically, Plaintiff alleges that Baker subjected her and other female ABPP probationers under his supervision to widespread sexual abuse and harassment, including indecent exposure, unwanted sexual advances, unwanted touching, lewd and obscene gestures and comments, sexual contact, manual penetration of genitals, forcible sodomy, and rape.  Plaintiff claims that the other Defendants failed to take appropriate corrective action.  Segrest and Cargo are sued only in their official capacities.

Before his retirement, Segrest was the Executive Director of the ABPP.  Ann Cargo is the Division Director of the ABPP; and Maddux was Baker's immediate supervisor.

Cargo and Maddux seek dismissal of Plaintiff's claims against Segrest for want of service of process.  They assert governmental immunity under Alabama law; and Maddux argues for qualified immunity under federal law.[1]

---

[1] Cargo and Maddux further allege that Plaintiff lacks standing to seek injunctive relief or, in the alternative, is not entitled to equitable relief based on the nature of her claims.

2

## II. The Controlling Law

The sufficiency of a complaint is measured by Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claims showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("[The Federal Rules of Civil Procedure] require [only] a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (quoting *Conley*, 355 U.S. at 45).

## III. Analysis

### A. Claims against Segrest

Plaintiff claims that, in his official position, Segrest  was deliberately indifferent to Baker's violations of federal rights.  She does not allege any personal liability of Segrest.

Cargo and Maddux assert that all claims against Segrest should be dismissed for lack of service on him.  It is undisputed that at the time this action was filed, Segrest had retired from the ABPP; and there is no evidence that he authorized the

ABPP to accept service on his behalf before this action was filed.  Moreover, the ABPP is not authorized to accept service of process on his behalf.

Plaintiff concedes that Segrest is due to be dismissed.  However, she argues that since he is sued only in his official capacity, the Court should deny the motion to dismiss him, and, pursuant to Federal Rule of Civil Procedure 25(d)(1),[2] substitute his successor, Cynthia S. Dillard, as Executive Director of the ABPP.

The rule on which Plaintiff relies is inapplicable.  By definition, it comes into play when an official retires *during the pendency* of the action.  Here, Segrest resigned before the action was filed.

The motion to dismiss Segrest is therefore due to be granted.[3]

### B. The Federal Claims against Cargo and Maddux in their Official Capacities

Plaintiff alleges that Cargo and Maddux, acting in their official capacities and under color of state law, violated Plaintiff's federal constitutional and statutory rights.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473

---

[2] Rule 25(d)(1) provides, in pertinent part,  that "[when] a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."  Fed. R. Civ. P. 25(d)(1).

[3] Of course, the Court is willing to add as a defendant Cynthia S. Dillard in her official capacity, if Plaintiff elects to file such motion.

4

U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436

U.S. 658, 690, n. 55 (1978)).  "As long as the government entity receives notice and

an opportunity to respond, an official-capacity suit is, in all respects other than name,

to be treated as a suit against the entity."  *See id.* at 166.

> Because suits against a municipal officer sued in his official capacity and direct
> suits against municipalities are functionally equivalent, there no longer exists
> a need to bring official-capacity actions against local government officials,
> because local government units can be sued directly (provided, of course, that
> the public entity receives notice and an opportunity to respond).

*Busby v. City of Orlando*,  931 F.2d 764, 776 (11th Cir. 1991).

However, a narrow exception to this general rule applies in the instant case.

While "[a] state, a state agency, and a state official sued in his official capacity are not

"persons" within the meaning of § 1983, thus damages are unavailable . . . a state

official sued in his official capacity is a person for purposes of § 1983 when

prospective relief, including injunctive relief, is sought."  *Edwards v. Wallace*

*Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995); *see also  Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 71, n. 10 (1989) ("Of course a state official in his

or her official capacity, when sued for injunctive relief, would be a person under §

1983 because 'official-capacity actions for prospective relief are not treated as actions

against the State.'") (citing *Graham*, 473 U.S. at 167, n. 14; *Ex parte Young*, 209 U.S.

123, 159-160 (1908)).

Therefore, Cargo and Maddux's motions to dismiss are due to be denied as to Plaintiff's federal law claims against them in their official capacities to the extent Plaintiff seeks injunctive relief based on these claims.[4]  Plaintiff's federal law claims which seek monetary relief against Cargo and Maddux in their official capacities, are due to be dismissed.

## C. State Law Claims against Cargo and Maddux

Plaintiff brings state law claims against Cargo and Maddux for negligent hiring, training, supervision, and retention, wanton hiring, training, supervision, and retention, and vicarious liability.  She also brings claims against Maddux for negligence/ wantonness and wantonness *per se*.[5]  Cargo and Maddux argue that Alabama law entitles them to immunity from these claims.

"Individuals, who act as state agents, are protected by the state's sovereign immunity if the act complained of was committed while that individual was performing a discretionary function.*" Does 1,2,3,4 v. Covington County School Bd.*, 969 F.Supp. 1264, 1285 (M.D.Ala. 1997) (citing *L.S.B. v. Howard*, 659 So.2d 43, 44 (Ala. 1995)).  "Discretionary functions include: those acts as to which there is no hard

---

[4] "Monetary relief that is "ancillary" to injunctive relief also is not barred by the Eleventh Amendment." *Graham*, 473 U.S. at 169, n. 18 (citing *Edelman v. Jordan*, 415 U.S. 651, 667-668 (1974)).

[5] The Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367.

and fast rule as to course of conduct that one must or must not take and those requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Id.* The following activities have been recognized by the Alabama Supreme Court as discretionary functions:

> (1) making administrative decisions; (2) allocating resources; (3) negotiating contracts; (4) hiring, firing, transferring, assigning, or supervising personnel; (5) activities of law enforcement or correctional officers in arresting, attempting to arrest, or releasing persons; (6) all other instances where acts or decisions, including those concerning the safety, health, well-being, fitness, competence, development, or confinement of persons, cannot be challenged without imposing a burden arising from interference with a co-equal branch of government that exceeds the benefit of the challenging party's right to a judicial remedy.

*Ex Parte Cranman,* 792 So.2d 392, 415 (Ala. 2000). This immunity protects individual officials against claims of negligence and wantonness, but not against fraud or bad faith. *Hill By and Through Webb v. Allen*, 495 So. 2d 32, 34-35 (Ala. 1986).

In her complaint, Plaintiff specifically alleges that Cargo and Maddux "acted willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." (Compl. ¶¶ 59, 81, 85.)

Viewing the allegations of the complaint in the light most favorable to Plaintiff, as the Court must, the doctrine of discretionary function immunity is not availing to these Defendants.

Plaintiff may proceed on her state law claims.

The other ground of Defendants' motions to dismiss are without merit.

Conclusion

By separate order, William Segrest will be dismissed as a defendant, and the claims against Ann Cargo and Wayne Maddux in their official capacities for monetary relief will also be dismissed.  The case will proceed on the remaining claims.

U.W. Clemon<br>
United States District Judge